**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMERICAN BRIDAL & PROM INDUSTRY ASSOCIATION, INC.; MON CHERI BRIDALS, LLC; PROMGIRL, INC.; MAGGIE SOTTERO DESIGNS, LLC; LA FEMME BOUTIQUE, INC.; BARI-JAY FASHIONS, INC.; ALYCE DESIGNS, INC.; ALLURE BRIDALS, INC.; WATTERS DESIGNS, INC. d/b/a WATTERS & WATTERS, INC.; NEXT CENTURY PRODUCTIONS, INC. d/b/a "SYDNEY'S CLOSET"; MORI LEE, LLC; EMME BRIDAL, INC.; SIMONE CARVALLI CORP.; BONNY MT ENTERPRISES CO., LTD.; CASABLANCA BRIDALS, INC.; IMPRESSION BRIDAL, INC.; FORMOSA SUNRISE LLC; ESSENSE OF AUSTRALIA, INC.; EDWARD BERGER, INC.;  JOVANI FASHIONS LTD., LIZZETTE BRODSKY; FRANK DISANTIS; PRECIOUS FORMALS, INC.; COUNTESS CORPORATION; and JORDAN FASHIONS CORP., <br><br>            Plaintiffs, <br>      v. <br><br> MONCHERYBRIDAL.COM; MORILYBRIDAL.COM; MAGGIEBRIDES.COM; HAPPYWEDDINGDRESSES.COM; PHOEBEBRIDAL.COM; VIVIENNEBRIDAL.COM; BIGDAYDRESS.NET; LAFEMMEDRESSESCHEAP.COM; LAFEMMEPROMDRESSESIN2012.COM; LAFEMMEDRESSESOUTLET.COM; MOOREPROMDRESS.COM; MOOREPROMDRESS.ORG; TUTERABRIDAL.COM; WEDDINGDRESSESPRICESALE.COM; FBRIDAL.COM; BEAUTIFULPROMGOWNDRESS.COM; JOHN DOES 1-1,000 and XYZ COMPANIES 1-1,000, <br><br>            Defendants. | Civil Action No. <br><br><br> **COMPLAINT** |

Plaintiffs, American Bridal & Prom Industry Association, Inc.; Mon Cheri Bridals, LLC;

Promgirl, Inc.; Maggie Sottero Designs, LLC; La Femme Boutique, Inc.; Bari-Jay Fashions, Inc.;

Alyce Designs, Inc.; Allure Bridals, Inc.; Watters Designs, Inc. d/b/a Watters & Watters, Inc.; Next Century Productions, Inc. d/b/a "Sydney's Closet"; Mori Lee, LLC; Emme Bridal, Inc.; Simone Carvalli Corp.; Bonny MT Enterprises Co., Ltd.; Casablanca Bridals, Inc.; Impression Bridal, Inc.; Formosa Sunrise LLC; Essense of Australia, Inc.; Edward Berger, Inc.; Jovani Fashions, Ltd.; Lizzette Brodsky; Frank DiSantis; Precious Formals, Inc.; Countess Corporation; Jordan Fashions Corp. (collectively "Plaintiffs") hereby files this Complaint for, *inter alia*, trademark counterfeiting, cybersquatting and related claims against Defendants, on personal knowledge as to Plaintiffs' own activities and on information and belief as to the activities of others:

## THE PARTIES

1.     Plaintiff, American Bridal & Prom Industry Association, Inc. ("ABPIA") is a not for profit corporation organized under New Jersey law.  ABPIA maintains its principal place of business at 1018 Whitehead Road Extension, Trenton, New Jersey 08638.  ABPIA is organized exclusively as a business league or trade association for the formalwear industry within the meaning of Section 501(c)(6) of the Internal Revenue Code of 1986.  The purposes of ABPIA are as follows:

•     to take any and all appropriate and lawful action against the marketing and sale of counterfeit formalwear products;

•     to educate consumers, retailers and members of the formal industry and the general public about the harm to consumers and fair competition in the formalwear industry caused by the marketing and sale of counterfeit products;

•     to lobby governmental entities to aid the formalwear industry in the fight against the marketing and sale of counterfeit products; and

•     to conduct discussions among members of the formalwear industry in the fight against the marketing and sale of counterfeit products.

2.     Plaintiff, Mon Cheri Bridals, LLC is a New Jersey limited liability company which maintains its principal place of business at 1018 Whitehead Road Ext., Trenton, New Jersey 08638.

3.     Plaintiff, Promgirl, Inc., is a Pennsylvania corporation which maintains its principal place of business at 311 Fawn Hill Lane, Narberth, Pennsylvania 19072.

4.     Plaintiff, Maggie Sottero Designs, LLC is a Utah limited liability company which maintains its principal place of business at 2300 South 1070 West, Salt Lake City, Utah 84119.

5.     Plaintiff, La Femme Boutique, Inc. is a California corporation which maintains its principal place of business at 1312 Santee Street, Los Angeles, California 90015.

6.     Plaintiff Bari-Jay Fashions, Inc. is a New York corporation which maintains its principal place of business at 225 West 37th Street, New York, New York 10017.

7.     Plaintiff, Alyce Designs, Inc. is an Illinois corporation which maintains its principal place of business at 7901 N. Caldwell Avenue, Morton Grove, Illinois 60053.

8.     Plaintiff, Allure Bridals, Inc. is a Tennessee corporation which maintains its principal place of business at 8415 Wolf Lake Drive, Bartlett, Tennessee 38133.

9.     Plaintiff, Watters Designs, Inc. d/b/a Watters & Watters, Inc. is a Texas corporation which maintains its principal place of business at 4801 Spring Valley, Suite 108, Dallas Texas 75244.

10.     Plaintiff, Next Century Productions, Inc. is a Missouri corporation which maintains its principal place of business at 11840 Dorsett Road, Maryland Heights, Missouri 63043.

11.     Plaintiff, Mori Lee LLC, is a Delaware limited liability company which maintains its principal place of business at 3155 S.W. 10th Street, Suite 6A1, Deerfield Beach, Florida 33442.

12.     Plaintiff, Emme Bridal, Inc., is a Texas corporation which maintains its principal place of business at 11102 W. Airport Blvd., Stafford, Texas 77477.

13.     Plaintiff, Simone Carvalli Corp., is a Texas corporation which maintains its principal place of business at 11100 W. Airport Blvd., Stafford, Texas 77477.

14.     Plaintiff, Bonny MT Enterprises Co. Ltd., is a Texas corporation which maintains its principal place of business at 2669 Saturn Street, Brea, California 92821.

15.     Plaintiff, Casablanca Bridals, Inc. is a California corporation which maintains its principal place of business at 760 E. Debra Lane, Anaheim, California 92805.

16.     Plaintiff, Impression Bridal, Inc. is a Texas corporation which maintains its principal place of business at 11100 W. Airport Blvd., Stafford, Texas 77477.

17.      Plaintiff, Formosa Sunrise LLC, is a Florida limited liability company which maintains its principal place of business at 14975 Technology Court, Ft. Myers, Florida 33912.

18.      Plaintiff, Essense of Australia, Inc. is a Kansas corporation which maintains its principal place of business at 8135 Lenexa Drive, Lenexa, Kansas 66214.

19.      Plaintiff, Edward Berger, Inc., is a New York corporation which maintains its principal place of business at 148 W. 37th Street, New York NY 10018.

20.      Plaintiff, Jovani Fashions, Ltd. is a New York corporation which maintains its principal place of business at 1370 Broadway, 4th Floor, New York, New York 10018.

21.     Plaintiff, Lizzette Brodsky, is an individual and New Jersey citizen who maintains a principal place of business at Suite 2401, 900 Palisade Avenue, Fort Lee, NJ 07024.

22.     Plaintiff, Frank DiSantis, is an individual and Pennsylvania citizen who maintains a principal place of business at 455 Maryland Drive #180, Fort Washington, Pennsylvania 19034.

23.     Plaintiff, Precious Formals, Inc., is a Texas corporation which maintains its principal place of business at 451 Landing Blvd., League City, Texas 77573.

24.     Plaintiff, Countess Corporation, is a New York corporation which maintains its principal place of business at 12th Floor, 225 W. 37th Street, New York, NY 10018.

25.     Plaintiff, Jordan Fashions Corp., is a New York corporation which maintains its principal place of business at 1200 Shames Drive, Westbury, NY 11590.

26.     Defendant, moncherybridal.com, is a business with a website address of www.moncherybridal.com whose actual name is currently unconfirmed and true address currently unknown.

27.     Defendant, morilybridal.com, is a business with a website address of www.morilybridal.com whose actual name is currently unconfirmed and true address currently unknown.

28.     Defendant, maggiebrides.com, is a business with a website address of www.maggiebrides.com whose actual name is currently unconfirmed and true address currently unknown.

29.     Defendant, happyweddingdresses.com, is a business with a website address of www.happyweddingdresses.com whose actual name is currently unconfirmed and true address currently unknown.

30.     Defendant, phoebebridal.com, is a business with a website address of www.phoebebridal.com whose actual name is currently unconfirmed and true address currently unknown.

31.     Defendant, viviennebridal.com, is a business with a website address of www.viviennebridal.com whose actual name is currently unconfirmed and true address currently unknown.

32.      Defendant, bigdaydress.net, is a business with a website address of www.bigdaydress.net whose actual name is currently unconfirmed and true address currently unknown.

33.      Defendant, LaFemmeDressesCheap.com, is a business with a website address of www.lafemmedressescheap.com, whose actual name is currently unconfirmed and true address currently unknown.

34.     Defendant, LaFemmePromDressesin2012.com, is a business with a website address of www.lafemmepromdressesin2012.com, whose actual name is currently unconfirmed and true address currently unknown.

35.     Defendant, LaFemmeDressesOutlet.com, is a business with a website address of www.lafemmepromdressesoutlet.com, whose actual name is currently unconfirmed and true address currently unknown.

36.      Defendant, moorepromdress.com, is a business with a website address of www.moorepromdress.com, whose actual name is currently unconfirmed and true address currently unknown.

37.      Defendant, moorepromdress.org, is a business with a website address of www.moorepromdress.org, whose actual name is currently unconfirmed and true address currently unknown.

38.      Defendant, tuterabridal.com, is a business with a website address of www.tuterabridal.com, whose actual name is currently unconfirmed and true address currently unknown.

39.      Defendant, weddingdressespricesale.com, is a business with a website address of www.weddingdressespricesale.com, whose actual name is currently unconfirmed and true address currently unknown.

40.      Defendant, fbridal.com, is a business with a website address of www.fbridal.com, whose actual name is currently unconfirmed and true address currently unknown.

41.      Defendant, beautifulpromgowndress.com, is a business with a website address of www.beautifulpromgowndress.com, whose actual name is currently unconfirmed and true address currently unknown.

42.      Defendants, John Does 1-1,000 and XYZ Companies 1-1,000, are either engaging in the same or similar conduct alleged in this Complaint, or are acting in conjunction with the other named Defendants.  Their identities are presently unknown.  If their identities become known, this Complaint will be amended to identify them.

## JURISDICTION AND VENUE

43.      This is an action for trademark counterfeiting and trademark infringement, cybersquatting and unfair competition and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., as amended by the Trademark Counterfeiting Act of 1984,

Public Law 98-473 (October 12, 1984), the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), and for unlawful and deceptive acts and practices under the laws of the State of New Jersey.

44.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiffs' claims for unlawful and deceptive acts and practices under the laws of the State of New Jersey.

45.     This Court has personal jurisdiction over Defendants in that they transact business in the State of New Jersey and in this District.

46.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the Defendants are entities or individuals subject to personal jurisdiction in this District.  Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## BACKGROUND FACTS

**Plaintiffs' Trademarks and Business**

47.     Plaintiffs are the owners of the entire right, title and interest in and to, *inter alia*,

the following federally-registered and/or unregistered trademarks and service marks (or, as noted

below, the pending applications for registration of the listed marks):

| PLAINTIFF | REGISTRATION NUMBER | TRADEMARK | CLASS(ES) |
|---|---|---|---|
| Mon Cheri Bridals LLC | 2,596,028 | Cameron Blake | 25 |
| | 3,085,845 | 2 Be | 25 |
| | 3,121,163 | 2 Be Prom | 25 |
| | 3,123,979 | 2 Be Bride | 25 |
| | 2,484,508 | Le Gala By Mon Cheri | 25 |
| | 3,341,157 | James Clifford Collection | 25 |
| | 3,447,055 | Sophia Tolli | 25 |
| Promgirl, Inc. | 3,346,348 | Clarisse | 25 |
| | 3,773,448 | Clarisse | 25 |
| Maggie Sottero Designs, LLC | 4,104,860 | Sottero and Midgley Premier Retailer | 35 |
| | 3,410,878 | Sottero and Midgley | 25 |
| | 3,926,377 | Quince By Maggie Sottero | 25 |
| | 4,104,856 | Premier Retailer Flirt by Maggie Sottero | 35 |
| | 4,104,858 | Maggie Sottero Premier Retailer | 35 |
| | 2,817,232 | Maggie Sottero Memories | 25 |
| | 3,373,858 | Flirt By Maggie Sottero | 25 |
| | 3,654,116 | Flirt by Maggie Sottero | 25 |
| | 3,299,842 | Destinations by Maggie Sottero | 25 |
| | 2,415,876 | Maggie Sottero | 25 |
| La Femme Boutique, Inc. | 4,000,319 | La Femme | 25 |
| Bari-Jay Fashions, Inc. | 2,529,623 | Bari Jay | 25 |
| Alyce Designs, Inc. | Serial # 85/624,212 (pending) | Alyce | 25 |
| Allure Bridals, Inc. | 3,958,778 | Allure Bridals | 25 |
| | 4,074,571 | Night Moves | 25 |

9

| | | | |
|---|---|---|---|
| Watters Designs, Inc. d/b/a Watters & Watters, Inc. | 3, 892,322<br>3,584,119<br>3,584,120<br>2,405,070 | Watters & Watters<br>Watters Brides<br>WTOO Brides<br>WTOO | 25<br>25<br>25<br>25 |
| Next Century Productions, Inc. | 2,553,230 | Sydney's Closet | 25, 35 |
| Mori Lee LLC | 1,869,685<br>3,824,025<br>3,942,663<br>3,827,188<br>3,844,447<br>3,824,031<br><br>3,882,191<br>4,110,893<br><br>3,770,814<br>3,770,810<br>3,888,607 | Mori Lee<br>Blu<br>Julietta<br>Madeline Gardner New York<br>Angelina Faccenda<br>Mori Lee By Madeline Gardner<br>Paparazzi<br>Paparazzi By Madeline Gardner<br>Sticks and Stones<br>Vizcaya<br>Voyage | 25<br>25<br>25<br>25<br>25<br>25<br><br>25<br>25<br><br>25<br>25<br>25 |
| Emme Bridal, Inc. | Serial # 85/598877 (pending) | Da Vinci | 25 |
| Simone Carvalli Corp. | Serial # 85/598873 | Simone Carvalli | 25 |
| Bonny MT Enterprises Co. Ltd. | 1,397,630 | Bonny | 25,16 |
| Casablanca Bridals, Inc. | 2,852,983<br>4,031,556 | Casablanca Bridal<br>CB Couture | 25<br>25 |
| Impression Bridal, Inc. | 3,368,632<br>3,474,712 | Impression<br>Impression Bridal | 25<br>25 |
| Formosa Sunrise LLC | 3,769,343<br>4,132,207 | House of Wu<br>Tiffany Designs By House of Wu | 25,35<br>25 |
| Essense of Australia, Inc. | 3,889,705<br>3,943,278 | Essense of Australia<br>Martina Liana | 25<br>25 |
| Edward Berger, Inc. | unregistered | Edward Berger | N/A |
| Jovani Fashion, Ltd. | 2,827,399 | Jovani | 25,35 |
| Lizzette Brodsky | 3,812,084<br>3,801,063 | Lovela<br>LizFields | 25<br>25 |
| Frank DiSantis | 3,368,141 | M Rina di Montella | 25 |
| Precious Formals, Inc. | unregistered | Precious Formals | N/A |

| Countess Corporation | 3,553,664 | Terani Couture | 25 |
|---|---|---|---|
| Jordan Fashions Corp. | 3,078,845 | Jordan | 25 |
| | 3,167,450 | Aariana | 25 |
| | 2,996,012 | Sweet Beginnings | 25 |
| | Serial # 85/376,818 (pending) | Reflections By Jordan | 25 |
| | Serial # 85/657,354 (pending) | Caterina Couture | 25 |
| | Serial # 85/654,299 (pending) | Caterina | 25 |

All of the registrations listed above are valid, subsisting, unrevoked and uncancelled.  Moreover, many of the registrations are also incontestable. Plaintiffs also own common law rights in these and other marks for use in connection with formalwear and related apparel and other products.  Plaintiffs' registered and common law trademarks are collectively referred to as the "Plaintiffs' Marks."

48.    Plaintiffs' brands, symbolized by the Plaintiffs' Marks, are recognized symbols of high-quality formalwear and related apparel throughout the world. As detailed below, Plaintiffs have been using the Plaintiffs' Marks for many years in connection with the advertising and sale of formalwear and related apparel (collectively, the "Plaintiffs' Products") in interstate and foreign commerce, including commerce in the State of New Jersey and in this judicial district.

49.    The Plaintiffs' Marks have been widely promoted, both in the United States and throughout the world and are among the world's most famous and widely-recognized trademarks. Consumers, potential consumers and other members of the public and the formalwear industry not only associate Plaintiffs' Products with exceptional materials, style and workmanship, but also recognize that Plaintiffs' Products sold in the U.S. originate exclusively with Plaintiffs.

50.     Plaintiffs maintain quality control standards for all of Plaintiffs' Products. Genuine Plaintiffs' Products are distributed through a worldwide network of distributors and retailers, as well as through Internet web stores located at the following addresses:

| PLAINTIFF | WEBSITE(S) |
|---|---|
| Mon Cheri Bridals LLC | www.moncheribridals.com |
| Promgirl, Inc. | www.clarisse.us |
| Maggie Sottero Designs, LLC | www.maggiesottero.com<br>www.sotteroandmidgley.com<br>www.flirtprom.com |
| La Femme Boutique, Inc. | www.lafemmefashion.com |
| Bari-Jay Fashions, Inc. | www.barijay.com |
| Alyce Designs, Inc. | www.alycedesigns.com |
| Allure Bridals, Inc. | www.allurebridals.com |
| Watters Designs, Inc. d/b/a Watters & Watters, Inc. | www.watters.com |
| Next Century Productions, Inc. | www.sydneyscloset.com |
| Mori Lee LLC | www.morilee.com<br>www.paparazziprom.com<br>www.vizcayadress.com |
| Emme Bridal, Inc. | www.davincibridal.com |
| Simone Carvalli Corp. | www.simonecarvalli.com |
| Bonny MT Enterprises Co. Ltd. | www.bonny.com |
| Casablanca Bridals, Inc. | www.casablancabridal.com |
| Impression Bridal, Inc. | www.impressionbridal.com |
| Formosa Sunrise LLC | www.houseofwu.com |
| Essense of Australia, Inc. | www.essensedesigns.com |
| Edward Berger, Inc. | www.edwardberger.com |

| Jovani Fashion, Ltd. | www.jovani.com |
| Lizzette Brodsky | www.lizfields.com |
| Frank DiSantis | www.rinadimontella.com |
| Precious Formals, Inc. | www.preciousformals.com |
| Countess Corporation | www.teranicouture.com |
| Jordan Fashions Corp. | www.jordanfashions.com |

51.     Plaintiffs' Marks are featured prominently in the advertising and promotion of Plaintiffs' Products. In 2011 alone, Plaintiffs collectively spent many millions of dollars advertising and promoting Plaintiffs' Products, which prominently bear the Plaintiffs' Marks. The Plaintiffs' Marks are highly visible and distinctive worldwide symbols of excellence in quality and uniquely associated with Plaintiffs.

52.     As a result, Plaintiffs' Products bearing the Plaintiffs' Marks generated tens of millions of dollars in sales in 2011 alone.

### DEFENDANTS' CONDUCT

53.     Plaintiffs are the victims of a massive Internet counterfeiting scheme to advertise and sell counterfeit products.  Defendants have manufactured, imported, distributed, offered for sale and sold counterfeit goods, including bridal gowns, social occasion dresses, prom dresses and other formalwear using Plaintiffs' Marks (the "Counterfeit Products") and continue to do so.

54.     Defendants, without authorization or license from Plaintiffs, knowingly and willfully used and continue to use the Plaintiffs' Marks in connection with the advertisement, offer for sale and sale of the Counterfeit Products, through, *inter alia*, the Internet. The Counterfeit Products are not genuine Plaintiffs' Products.  None of the Plaintiffs manufactured, inspected or packaged the Counterfeit Products and did not approve the Counterfeit Products for sale or distribution.

13

55.     Defendants operate a large number of websites they have designed to resemble authorized retail Internet stores selling Plaintiffs' authentic goods (the "Infringing Websites"), including using domain names containing the Plaintiffs' Marks, copying Plaintiffs' copyrighted images and photographs of genuine products with detailed product descriptions; offering live online service; and displaying normal indicia of security protection that would appear on legitimate websites. Defendants' Infringing Websites appear to unknowing consumers to be legitimate web stores authorized to sell genuine Plaintiffs' Products.

56.     Defendants' use of the Plaintiffs' Marks on or in connection with the advertising, marketing, distribution, offering for sale and sale of the Counterfeit Products is likely to cause and has caused confusion, mistake and deception by and among consumers and is irrevocably harming Plaintiffs.

57.     Defendants have registered and are using a number of domain names containing the Plaintiffs' Marks (the "Infringing Domain Names").

58.     The Infringing Domain Names registered by Defendants are identical and/or confusingly similar to one or more of the Plaintiffs' Marks.

59.     Defendants have registered and are using the Infringing Domain Names with the bad faith intent to profit from these marks by fooling consumers into believing Defendants' Websites selling Counterfeit Products are actually selling authentic Plaintiffs' Products.

## COUNT ONE
## FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT
## (15 U.S.C. §1114)

60.     Plaintiffs repeat and reallege the foregoing allegations above as if fully set forth herein.

14

61.     The Plaintiffs' Marks and the goodwill of the business associated with them in the United States and throughout the world are of great and incalculable value, are highly distinctive, and have become universally associated in the public mind with Plaintiffs' Products and related services of the very highest quality and reputation finding their source from Plaintiffs.

62.     Without Plaintiffs' authorization or consent, and having knowledge of Plaintiffs' well-known and prior rights in the Plaintiffs' Marks and the fact that Defendants' Counterfeit Products are sold using marks which are identical or confusingly similar to the Plaintiffs' Marks, Defendants have manufactured, distributed, offered for sale and/or sold the Counterfeit Products to the consuming public in direct competition with Plaintiffs' sale of genuine Plaintiffs' Products, in or affecting interstate commerce.

63.     Defendants' use of copies or simulations of the Plaintiffs' Marks in conjunction with Defendants' Infringing Websites and the Counterfeit Products is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive the public into believing the Counterfeit Products being sold by Defendants originate from, are associated with or are otherwise authorized by Plaintiffs, all to the damage and detriment of Plaintiffs' reputation, goodwill and sales.

64.     Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation.

## COUNT TWO
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C.  §1125(a))

65.     Plaintiffs repeat and reallege the foregoing iallegations above as if fully set forth herein.

66.     The Counterfeit Products sold and offered for sale by Defendants are of the same nature and type as Plaintiffs' Products sold and offered for sale by Plaintiffs and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

67.     By misappropriating and using the Plaintiffs' Marks, genuine product images and trade names, Defendants misrepresent and falsely describe to the general public the origin and source of the Counterfeit Products and create a likelihood of confusion by consumers as to the source of such merchandise.

68.     Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized or approved by Plaintiffs, all to Defendants' profit and to Plaintiffs' great damage and injury.

69.     Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of the Plaintiffs' Marks, genuine product images and trade names, in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

70.     Plaintiffs have no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation.

16

## COUNT THREE
## CYBERSQUATTING UNDER THE ANTICYBERSQUATTING CONSUMER
## PROTECTION ACT
## (15 U.S.C. § 1125(d)(1))

71.     Plaintiffs repeat and reallege the foregoing allegations above as if fully set forth herein.

72.     The Infringing Domain Names are identical or confusingly similar to one or more of the Plaintiffs' Marks, which were distinctive and/or famous at the time Defendants registered each of the Infringing Domain Names.

73.     Defendants registered and have used the Infringing Domain Names with a bad faith intent to profit from the Plaintiffs' Marks.

74.     Defendants' activities as alleged herein violate the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

75.     Plaintiffs have no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation.

## COUNT FOUR
## NEW JERSEY FAIR TRADE ACT
## (N.J.S.A. 56:4-1)

76.     Plaintiffs repeat and reallege the foregoing allegations above as if fully set forth herein.

77.     The Counterfeit Products sold and offered for sale by Defendants are of the same nature and type as Plaintiffs' Products sold and offered for sale by Plaintiffs and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

17

78.     By misappropriating and using the Plaintiffs' Marks, genuine product images and trade names, Defendants misrepresent and falsely describe to the general public the origin and source of the Counterfeit Products and create a likelihood of confusion by consumers as to the source of such merchandise.

79.     Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized or approved by Plaintiffs, all to Defendants' profit and to Plaintiffs' great damage and injury.

80.     Defendants' aforesaid acts are in violation of the New Jersey Fair Trade Act, N.J.S.A. 56:4-1 *et seq.,* in that Defendants' use of the Plaintiffs' Marks, genuine product images and trade names, in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

81.     Plaintiffs have no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

82.     That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be permanently enjoined and restrained from:

(i)     using the Plaintiffs' Marks or any reproduction, counterfeit, copy or colorable imitation of the Plaintiffs' Marks in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Plaintiffs; and

(ii)    passing off, inducing or enabling others to sell or pass off any Counterfeit Products as genuine products made and/or sold by Plaintiffs; and

(iii)   shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner formalwear or other items falsely bearing the Plaintiffs' Marks, or any reproduction, counterfeit, copy or colorable imitation of same; and

(iv)    utilizing the Infringing Domain Names and registering any additional domain names that use or incorporate any of the Plaintiffs' Marks; and

(v)     operating and/or hosting Defendants' Infringing Websites.

83.     That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiffs a written report under oath setting forth in detail the manner in which Defendants have complied with any and all injunctive relief ordered by this Court.

19

84. That Defendants' Infringing Websites and/or the corresponding domain names be disabled by the appropriate domain name registries or registrars, including but not limited to VeriSign, Inc., NeuStar, Inc., Afilias Limited, Nominet UK, and Public Interest Registry.

85. That domain name registries or registrars, including but not limited to VeriSign, Inc., NeuStar, Inc., Afilias Limited, Nominet UK, and the Public Interest Registry, be required to transfer the domain names associated with Defendants' Infringing Websites to a registrar to be appointed by Plaintiffs to re-register the domain names in Plaintiffs' name and under Plaintiffs' ownership.

86. That Defendants account for and pay over to Plaintiffs any and all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of Plaintiffs' registered trademarks be increased by a sum not exceeding three times the amount thereof as provided by law.

87. In the alternative, that Plaintiffs be awarded statutory damages of $2,000,000 for each and every Plaintiffs' Mark counterfeited by each Defendant and $250,000 per Infringing Domain Name for Defendants' willful counterfeiting and cybersquatting of the Plaintiffs' Marks.

88. That Plaintiffs be awarded reasonable attorneys fees and have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth under Sections 34-39 of the 1946 Trademark Act and/or C.G.S.A. §§ 35-11(i), 42-110(a) *et seq.*, 42-110(b) *et seq.*

20

Dated: November 12, 2012                    Respectfully submitted,

                                            STARK & STARK
                                            A Professional Corporation


                                            By:   s/Craig S. Hilliard
                                                  CRAIG S. HILLIARD
                                                  993 Lenox Drive, Bldg. Two
                                                  Lawrenceville, NJ 08648
                                                  Telephone:  (609) 895-7346
                                                  Facsimile:  (609) 895-7395
                                                  chilliard@stark-stark.com
                                                  *Attorneys for Plaintiffs*


**<u>CERTIFICATION</u>**

Pursuant to Local Civil Rule 11.2, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other Court or of a pending arbitration to the best of my knowledge and belief, except for an action pending in the United States District Court for the Southern District of New York captioned *American Bridal & Prom Industry Association v. 9Dresses.com et al*, Civil Action No. 12-5776.


                                             s/Craig S. Hilliard
Dated: November 12, 2012                    CRAIG S. HILLIARD