UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN BRIDAL & PROM INDUSTRY ASSOCIATION, INC.; MON CHERI BRIDALS, LLC; PROMGIRL, INC.; MAGGIE SOTTERO DESIGNS, LLC; LA FEMME BOUTIQUE, INC.; BARI-JAY FASHIONS, INC.; ALYCE DESIGNS, INC.; ALLURE BRIDALS, INC.; WATTERS DESIGNS, INC. d/b/a WATTERS & WATTERS, INC.; NEXT CENTURY PRODUCTIONS, INC.; MORI LEE, LLC; EMME BRIDAL, INC.; SIMONE CARVALLI CORP.; BONNY MT ENTERPRISES CO., LTD.; CASABLANCA BRIDALS, INC.; IMPRESSION BRIDAL, INC.; FORMOSA SUNRISE, LLC; ESSENSE OF AUSTRALIA, INC.; EDWARD BERGER, INC.; JOVANI FASHIONS LTD.; LIZZETTE BRODSKY; FRANK DISANTIS; PRECIOUS FORMALS, INC.; COUNTESS CORPORATION; and JORDAN FASHIONS CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>MONCHERYBRIDAL.COM; MORILYBRIDAL.COM; MAGGIEBRIDES.COM; HAPPYWEDDINGDRESSES.COM; PHOEBEBRIDAL.COM; VIVIENNEBRIDAL.COM; BIGDAYDRESS.NET; LAFEMMEDRESSESCHEAP.COM; LAFEMMEPROMDRESSESIN2012.COM; LAFEMMEDRESSESOUTLET.COM; MOOREPROMDRESS.COM; MOOREPROMDRESS.ORG; TUTERABRIDAL.COM; WEDDINGDRESSESPRICESALE.COM; FBRIDAL.COM; BEAUTIFULPROMGOWNDRESS.COM; JOHN DOES 1-1,000 and XYZ COMPANIES 1-1,000,<br><br>Defendants. | Civil Action No. 12-7079 (FLW)(LHG)<br><br><br><br>**PRELIMINARY INJUNCTION ORDER** |

1

**RECEIVED**

**JAN 1 0 2013**

AT 8:30_____M
WILLIAM T. WALSH CLERK

IT APPEARING that this matter was opened to the Court by Plaintiffs, American Bridal &

Prom Industry Association, Inc.; Mon Cheri Bridals, LLC; Promgirl, Inc.; Maggie Sottero Designs,

LLC; La Femme Boutique, Inc.; Bari-Jay Fashions, Inc.; Alyce Designs, Inc.; Allure Bridals, Inc.;

Watters Designs, Inc. d/b/a Watters & Watters, Inc.; Next Century Productions, Inc.; Mori Lee, LLC;

Emme Bridal, Inc.; Simone Carvalli Corp.; Bonny MT Enterprises Co., Ltd.; Casablanca Bridals,

Inc.; Impression Bridal, Inc.; Formosa Sunrise, LLC; Essense of Australia, Inc.; Edward Berger, Inc.;

Jovani Fashions, Ltd.; Lizzette Brodsky; Frank DiSantis; Precious Formals, Inc.; Countess

Corporation; and Jordan Fashions Corp. (collectively "Plaintiffs"), on an application seeking

temporary and preliminary injunctive relief against Defendants, the owners and/or operators of the

websites moncherybridal.com; morilybridal.com; maggiebrides.com; happyweddingdresses.com;

phoebebridal.com; viviennebridal.com; bigdaydress.net; lafemmedressescheap.com;

lafemmepromdressesin2012.com; lafemmedressesoutlet.com; moorepromdress.com;

moorepromdress.org; tuterabridal.com; weddingdressespricesale.com; fbridal.com; and

beautifulpromgowndress.com, all of whom are currently identified in the Complaint as "John Doe"

defendants (collectively "Defendants"); and

IT FURTHER APPEARING that Plaintiffs seek this relief pursuant to Federal Rule of Civil

Procedure 65 and the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the

Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the

Anticybersquatting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the

Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October

13, 2008) (the "Lanham Act"), for the reason that Defendants are distributing, offering for sale

and/or selling, via the Internet, goods bearing counterfeit reproductions of the Plaintiffs' federally registered and unregistered trademarks, as listed in the Complaint filed in this action and incorporated herein by reference, which trademarks (collectively, the "Plaintiffs' Marks") are owned and controlled by Plaintiffs and used in connection with products listed in the Complaint and incorporated herein by reference (collectively, the "Plaintiffs' Products"), and the Court having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted in support of the application; and

IT FURTHER APPEARING that the Court entered a Temporary Restraining Order on November 20, 2012; and

IT FURTHER APPEARING that no defendant entered an appearance or filed any opposition to this application for preliminary injunctive relief; and

IT FURTHER APPEARING that the Court conducted a hearing on the application for a preliminary injunction on January 7, 2013;

THE COURT FINDS:

1.    Plaintiffs have demonstrated that they are entitled to injunctive relief by establishing that they are suffering irreparable harm and that they are likely to succeed on the merits of their claims;

2.    With respect to likelihood of success on the merits, Plaintiffs have demonstrated that they are likely to succeed in showing that the Plaintiffs' Marks are valid and protectable and entitled to protection;

3.    Further with respect to likelihood of success on the merits, Plaintiffs have demonstrated that they are likely to succeed in showing that Defendants are manufacturing,

3

distributing, offering for sale and/or selling counterfeit products – including, *inter alia*, bridal gowns, social occasion dresses and other goods – bearing counterfeits of the Plaintiffs' Marks (the "Counterfeit Products") to buyers in the United States, including in this Judicial District;

4.    Further with respect to likelihood of success on the merits, Plaintiffs have demonstrated that they are likely to succeed in showing Defendants are selling Counterfeit Products by operating a network of web sites ("Defendants' Infringing Web Sites") resolving at various domain names set forth in **Exhibit 1** attached hereto, including, without limitation, domain names containing the Plaintiffs' Marks (the "Infringing Domain Names");

5.    The distribution, offering for sale and sale of Counterfeit Products will result in immediate and irreparable injury to Plaintiffs if injunctive relief is not granted;

6.    Plaintiffs' harm from denial of the requested Order would outweigh any harm to Defendants' legitimate interests from granting such an Order;

7.    Entry of an Order other than the requested Order would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs' equitable remedies for trademark counterfeiting, including, *inter alia*: the restraint of Defendants' counterfeiting operations including Defendants' Infringing Web Sites, the disabling of Defendants' means of distributing, offering for sale and selling Counterfeit Products, the acquisition of the business records relating to Defendants' operations, and the preservation of Plaintiffs' right to an equitable accounting of proceeds from Defendants' sale of Counterfeit Products.

THEREFORE, IT IS HEREBY ORDERED that until the further Order of this Court, Defendants and their officers, agents, servants, employees and attorneys, and any persons in active concert or participation with them, including, but not limited to, Internet Service Providers ("ISPs"), registrars or online third-party selling platforms, be and hereby are preliminarily restrained and enjoined from:

(i)    Using the Plaintiffs' Marks or any reproduction, counterfeit, copy or colorable imitation of the Plaintiffs' Marks in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Plaintiffs;

(ii)    Passing off, inducing or enabling others to sell or pass off any Counterfeit Products as genuine products made and/or sold by Plaintiffs;

(iii)    Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner bridal gowns, social occasion dresses, accessories or other items falsely bearing the Plaintiffs' Marks, or any reproduction, counterfeit, copy or colorable imitation of same;

(iv)    Utilizing the Infringing Domain Names and registering any additional domain names that use or incorporate any of the Plaintiffs' Marks;

(v)    Operating Defendants' Infringing Web Sites;

(vi)    Moving, destroying, or otherwise disposing of any items, merchandise or documents relating to the Counterfeit Products, Defendants' Infringing Web Sites, and/or Defendants' assets and operations; and/or

(vii)    Removing, destroying or otherwise disposing of any computer files, electronic files, business records, or documents relating to Defendants' Infringing Web Sites,

Defendants' assets and operations or relating in any way to the manufacture, acquisition, purchase, distribution or sale of Counterfeit Products or any reproduction, counterfeit, copy or colorable imitation of the Plaintiffs' Marks; and it is further

ORDERED, that Plaintiffs may immediately commence discovery by providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following: (1) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Inc., or other merchant account providers, payment provider, third party processors, credit card associations (*i.e.* MasterCard and VISA), which receive payments or hold assets on Defendants' behalf; and (3) any third party service providers, including without limitation, ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars, domain name registries or online third-party sellers who have provided services for Defendants; and it is further

ORDERED, that any third party providing services in connection with any Defendant and/or Defendants' Infringing Web Sites, including without limitation, ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers including PayPal, Inc., third party processors and other payment processing services, shippers, domain name registrars, domain name registries and online third-party selling platforms (collectively "Third Party Providers") shall within five (5) days after receipt of such notice, provide copies of all documents and records in such person or entity's possession or control relating to:

6

(a)     The identities and addresses of Defendants, their agents, servants, employees, confederates, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' Infringing Web Sites, Infringing Domain Names and financial accounts;

(b)     Defendants' Infringing Web Sites;

(c)     The Infringing Domain Names or any domain name registered by Defendants; and

(d)     Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Inc., Western Union, or other merchant account providers, payment providers, third party processors, and credit card associations (*i.e.*, MasterCard and VISA); and it is further

ORDERED, that in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations, payment processors or other financial institutions, including without limitation PayPal, Inc., or other merchant account providers, payment providers, or third party processors for any Defendant, any of Defendants' operations, Defendants' Infringing Web Sites or for any other web site owned or controlled by Defendants, who receive actual notice of this Order, shall immediately locate all accounts connected to Defendants

7

or Defendants' Infringing Web Sites and that such accounts be preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets, not allowing such funds to be transferred or withdrawn, and not allowing any refunds, charge-backs, or other diminutions to be made from such accounts pending further Order from this Court; and it is further

ORDERED, that this Preliminary Injunction Order shall remain in effect until the further Order of this Court; and it is further

ORDERED, that Plaintiffs shall maintain, until the further Order of this Court, the corporate surety bond of $10,000 posted in accordance with the terms of the Temporary Restraining Order, which the Court has determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure or restraint hereunder; and it is further

ORDERED, that sufficient cause having been shown, service of this Order shall be made on Defendants by registered electronic mail on or before _December 15_, 2013 at the email addresses listed in **Exhibit 1**, or at such other email addresses which Plaintiffs may discover, and which Plaintiffs have demonstrated will provide adequate notice to Defendants; and it is further

ORDERED, that Plaintiffs' counsel file with the Court an affidavit or declaration attesting to service of this Order on Defendants in the manner prescribed in the foregoing paragraph; and it is further

ORDERED, that pursuant to Fed.R.Civ.P. 15(a)(2), Plaintiffs be and hereby are granted leave, until the further Order of this Court, to file amended or supplemental Complaints to add additional defendants and/or claims, without the need to file a motion seeking leave under Rule 15, and that any such amended or supplemental Complaints shall be presented to the Court, in lieu of a motion, by letter e-filed under the Court's ECF system; and it is further

8

ORDERED, that any act by Defendants or any one of them in violation of any of the terms of this Order may be considered and prosecuted as a contempt of this Court.

SIGNED this __10th__ day of __January__ ___.

_Freda L. Wolfson_

HON. FREDA L. WOLFSON, U.S.D.J.

9

## EXHIBIT 1

| Domain Name | E-Mail Address |
|---|---|
| 1. www.moncherybridal.com | moncherybridal@gmail.com |
| 2. www.morilybridal.com | Wangbing263752@hotmail.com |
| 3. www.maggiebrides.com | Sales@maggiebrides.com |
| 4. www.happyweddingdresses.com | happybridal@hotmail.com |
| 5. www.phoebebridal.com | web.fall.site@gmail.com |
| 6. www.viviennebridal.com | transfer@hichina.com |
| 7. www.bigdaydress.net | bigdaydress@gmail.com |
| 8. www.lafemmedressescheap.com | lafemmedressescheap@gmail.com |
| 9. www.lafemmepromdressesin2012.com | lafemmepromdresses2012@gmail.com |
| 10. www.lafemmedressesoutlet.com | lafemmedressesoutlet@gmail.com |
| 11. www.moorepromdress.com | usapromdress@gmail.com |
| 12. www.moorepromdress.org | usapromdress@gmail.com |
| 13. www.tuterabridal.com | seabridal.com@protecteddomainservices.com |
| 14. www.weddingdressespricesale.com | weddingdressesolinesale@gmail.com |
| 15. www.fbridal.com | support@fbridal.com |
| 16. www.beautifulpromgowndress.com | shackspare@hotmail.com |