**UNITED STATES DISTRICT COURT**

| | |
|---|---|
| AMERICAN BRIDAL & PROM INDUSTRY ASSOCIATION, INC.; MON CHERI BRIDALS, LLC; PROMGIRL, INC.; MAGGIE SOTTERO DESIGNS, LLC; LA FEMME BOUTIQUE, INC.; BARI-JAY FASHIONS, INC.; ALYCE DESIGNS, INC.; ALLURE BRIDALS, INC.; WATTERS DESIGNS, INC. d/b/a WATTERS & WATTERS, INC.; NEXT CENTURY PRODUCTIONS, INC. d/b/a "SYDNEY'S CLOSET"; MORI LEE, LLC; EMME BRIDAL, INC.; SIMONE CARVALLI CORP.; BONNY MT ENTERPRISES CO., LTD.; CASABLANCA BRIDALS, INC.; IMPRESSION BRIDAL, INC.; FORMOSA SUNRISE LLC; ESSENSE OF AUSTRALIA, INC.; EDWARD BERGER, INC.; JOVANI FASHIONS LTD., LIZZETTE BRODSKY; FRANK DISANTIS; PRECIOUS FORMALS, INC.; COUNTESS CORPORATION; and JORDAN FASHIONS CORP., <br><br>           Plaintiffs, <br> v. <br><br> MONCHERYBRIDAL.COM; MORILYBRIDAL.COM; MAGGIEBRIDES.COM; HAPPYWEDDINGDRESSES.COM; PHOEBEBRIDAL.COM; VIVIENNEBRIDAL.COM; BIGDAYDRESS.NET; LAFEMMEDRESSESCHEAP.COM; LAFEMMEPROMDRESSESIN2012.COM; LAFEMMEDRESSESOUTLET.COM; MOOREPROMDRESS.COM; MOOREPROMDRESS.ORG; TUTERABRIDAL.COM; WEDDINGDRESSESPRICESALE.COM; FBRIDAL.COM; BEAUTIFULPROMGOWNDRESS.COM; 100WEDDINGDRESS.COM; 1STPROMDRESS.COM; 2012PROMDRESSES.ORG; DRESSEMPIRE.COM; 200SHOP.COM; 2011MAXIDRESSES.COM; WEDDINGTONWAY.COM; | **Civil Action No.** <br> 12-7079 (FLW)(LHG) <br><br><br> **TEMPORARY RESTRAINING ORDER #2, ASSET RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION** <br><br><br><br><br><br> RECEIVED <br><br> APR - 1 2013 <br><br> AT 8:30 _____M <br> WILLIAM T WALSH CLERK |

1

| | |
|---|---|
| VOGUEPROMDRESSES.COM; 2011-WEDDINGDRESSES.COM; 2012MAXIDRESSES.COM; 2012PROMGOWNS.COM; 21BRIDAL.COM; 21SHOP.COM; 247ONSALE.COM; 360WEDDINGDRESSES.COM; AOBOMART.COM; 51DRESSES.COM; 7BRIDAL.COM; 77DRESSES.COM; 7MARTS.COM; 8GRADEGRADUATIONDRESSES.COM; 92DRESSES.COM; 9LOVER.COM; ABC-SPIP.COM; ABNED.COM; ACQUISTOSPOSA.COM; AFFITTOSPOSA.COM; AFJGJ.COM; AIRWEDDINGDRESSES.COM; AISLEWITHVINTAGE.COM; ALLEVENINGDRESSES.COM; DUDOOL.COM; AMANDABRIDAL.COM; AMARTLINE.COM; ANDWEDDINGDRESSES.COM; LOVESTDRESSES.NET; LOVESTDRESSES.COM ANYTHINGBRIDAL.COM; AONEL.COM; AREACLOTHES.COM; BRIDALSTORES2013.COM; AREADRESS.COM; AREOLD.COM; ARTWEDDING.COM; ASAPBAY.COM; ASKDRESSES.COM; DRESSSIX.COM; ASTYLISHPROM.COM; AU.IOFFER.COM; AUDRESSFORFORMAL.COM; AXMAS.COM; BARBARABRIDAL.COM; BABYONLINEDRESS.COM; BIGDAYFASHION.COM; BALLGOWNBOUTIQUE.COM; BALLGOWNONLINE.COM; BALLGOWNSBOUTIQUE.COM; FABHOMECOMINGDRESS.COM; QUALITYBRIDALS.COM; LIVEDRESSES.COM; SEASONMALL.COM; BELLYDRESSES.COM; DIDOBRIDAL.COM; LABEAUTES.COM; FOCUSEVENINGDRESS.COM; SINO-TREASURE.COM; PROMDRESSESLOVE.COM; TRENDGET.COM; RAININGBLOSSOMS.COM; COZYDRESSES.COM; PARTDRESS.NET; DRESSOO.COM; IFISHINTHESKY.COM; WEDDINGDRESSESSHOP.COM; IDREAMPROM.COM; | |

2

| | |
|---|---|
| THEBRIDALGOWNS.COM; FASHIONOS.COM; BRIDESIRE.COM; MSDRESSY.COM; WEDDINGFORLOVE.COM; KISSDRESSES.COM; KISSDRESSES.CO.UK; LAFEMMEPROMDRESSESONSALE.COM; LIGHTWEDDINGDRESSES.COM; DISCOUNTDRESS.COM; DRESSALE.COM; DRESSDO.COM; DRESSESFORHOMECOMING.NET; DRESSESINBUY.COM; DRESSESPRO.COM; PRSEITZ.CO.UK; DRESSILYME.COM; DRESSINGVOGUE.COM; DRESSINSHOP.COM; LUKEDRESS.COM; DRESSLOVING.COM; MANDYBRIDE.COM; MILANOBRIDAL.COM; MISSFISHBRIDALONLINE.COM; ONLINEGOWNSHOP.COM; PROM-DRESSES-CHEAP.COM; PROMDRESSESIN.COM; PROM-DRESS-GOWN.COM; JOHN DOES 1-1,000 and XYZ COMPANIES 1-1,000, <br><br> Defendants. | |

Plaintiffs, American Bridal & Prom Industry Association, Inc.; Mon Cheri Bridals, LLC; Promgirl, Inc.; Maggie Sottero Designs, LLC; La Femme Boutique, Inc.; Bari-Jay Fashions, Inc.; Alyce Designs, Inc.; Allure Bridals, Inc.; Watters Designs, Inc. d/b/a Watters & Watters, Inc.; Next Century Productions, Inc.; Mori Lee, LLC; Emme Bridal, Inc.; Simone Carvalli Corp.; Bonny MT Enterprises Co., Ltd.; Casablanca Bridals, Inc.; Impression Bridal, Inc.; Formosa Sunrise, LLC; Essense of Australia, Inc.; Edward Berger, Inc.; Jovani Fashions, Ltd.; Lizzette Brodsky; Frank DiSantis; Precious Formals, Inc.; Countess Corporation; Jordan Fashions Corp. (collectively "Plaintiffs") having moved against Defendants, the owners and/or operators of the websites 100weddingdress.com, 1stpromdress.com, 2012promdresses.org, dressempire.com, 200shop.com, 2011maxidresses.com, weddingtonway.com, voguepromdresses.com, 2011-weddingdresses.com,

2012maxidresses.com, 2012promgowns.com, 21bridal.com, 21shop.com, 247onsale.com, 360weddingdresses.com, aobomart.com, 51dresses.com, 7bridal.com, 77dresses.com, 7marts.com, 8gradegraduationdresses.com, 92dresses.com, 9lover.com, abc-spip.com, abned.com, acquistosposa.com, affittosposa.com, afjgj.com, airweddingdresses.com, aislewithvintage.com, alleveningdresses.com, dudool.com, amandabridal.com, amartline.com, andweddingdresses.com, lovestdresses.net, lovestdresses.com, anythingbridal.com, aonel.com, areaclothes.com, bridalstores2013.com, areadress.com, areold.com, artwedding.com, asapbay.com, askdresses.com, dresssix.com, astylishprom.com, au.ioffer.com, audressforformal.com, axmas.com, barbarabridal.com, babyonlinedress.com, bigdayfashion.com, ballgownboutique.com, ballgownonline.com, ballgownsboutique.com, fabhomecomingdress.com, qualitybridals.com, livedresses.com, seasonmall.com, bellydresses.com, didobridal.com, labeautes.com, focuseveningdress.com, sino-treasure.com, promdresseslove.com, trendget.com, rainingblossoms.com, cozydresses.com, partdress.net, dressoo.com, ifishinthesky.com, weddingdressesshop.com, idreamprom.com, thebridalgowns.com, fashionos.com, bridesire.com, msdressy.com, weddingforlove.com, kissdresses.com, kissdresses.co.uk, lafemmepromdressesonsale.com, lightweddingdresses.com, discountdress.com, dressale.com, dressdo.com, dressesforhomecoming.net, dressesinbuy.com, dressespro.com, prseitz.co.uk, dressilyme.com, dressingvogue.com, dressinshop.com, lukedress.com, dressloving.com, mandybride.com, milanobridal.com, missfishbridalonline.com, onlinegownshop.com, prom-dresses-cheap.com, promdressesin.com, prom-dress-gown.com), all of whom are currently identified in the pleadings as "John Doe" defendants (collectively "Defendants") for a Temporary Restraining Order, Asset Restraining Order, Expedited Discovery Order and Order to Show Cause for

4

Preliminary Injunction (collectively, the "Order") pursuant to Federal Rule of Civil Procedure 65 and the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anticybersquatting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), for the reason that Defendants are distributing, offering for sale and/or selling, via the Internet, goods bearing counterfeit reproductions of the Plaintiffs' federally registered and unregistered trademarks, as listed in the First Amended Complaint (the "Complaint") filed concurrently herewith and incorporated herein by reference, which trademarks (collectively, the "Plaintiffs' Marks") are owned and controlled by Plaintiffs and used in connection with products listed in the Complaint and incorporated herein by reference (collectively, the "Plaintiffs' Products"), and the Court having reviewed the Complaint, Memorandum of Law filed in support of the relief sought by Plaintiffs on their initial application for temporary and preliminary injunctive relief (filed on November 20, 2012 @ Docket # 7), supporting Declaration of Stephen Lang filed in support of the relief sought by Plaintiffs on their initial application for temporary and preliminary injunctive relief (filed on November 20, 2012 @ Docket # 8, #9), and the additional Declaration of Craig S. Hilliard and exhibits submitted herewith on this application, finds:

    1.    Plaintiffs have demonstrated that they are entitled to injunctive relief by establishing that they are suffering irreparable harm and that they are likely to succeed on the merits of their claims;

    2.    With respect to likelihood of success on the merits, Plaintiffs have demonstrated that they are likely to succeed in showing that the Plaintiffs' Marks are valid and protectable and entitled

to protection;

3. Further with respect to likelihood of success on the merits, Plaintiffs have demonstrated that they are likely to succeed in showing that Defendants are manufacturing, distributing, offering for sale and/or selling counterfeit products – including, *inter alia*, bridal gowns, social occasion dresses and other goods – bearing counterfeits of the Plaintiffs' Marks (the "Counterfeit Products") to buyers in the United States, including in this Judicial District;

4. Further with respect to likelihood of success on the merits, Plaintiffs have demonstrated that they are likely to succeed in showing Defendants are selling Counterfeit Products by operating a network of web sites ("Defendants' Infringing Web Sites") resolving at various domain names set forth in **Exhibit 1** attached hereto, including, without limitation, domain names containing the Plaintiffs' Marks (the "Infringing Domain Names");

5. The distribution, offering for sale and sale of Counterfeit Products will result in immediate and irreparable injury to Plaintiffs if injunctive relief is not granted;

6. Plaintiffs' harm from denial of the requested Order would outweigh any harm to Defendants' legitimate interests from granting such an Order;

7. Entry of an Order other than the requested Order would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs' equitable remedies for trademark counterfeiting, including, *inter alia*: the restraint of Defendants' counterfeiting operations including Defendants' Infringing Web Sites, the disabling of Defendants' means of distributing, offering for sale and selling Counterfeit Products, the acquisition of the business records relating to Defendants' operations, and the preservation of Plaintiffs' right to an equitable accounting of proceeds from Defendants' sale of Counterfeit Products.

THEREFORE, IT IS HEREBY ORDERED that Defendants show cause on or before the 26th day of May, 2013 at 10:30 a.m. or as soon thereafter as counsel can be heard, in Courtroom 5E, in the United States District Court for the District of New Jersey, at the Courthouse in Trenton, New Jersey, why an Order pursuant to Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act should not be entered granting Plaintiffs a Preliminary Injunction as follows:

(a) Enjoining and restraining Defendants, their officers, agents, servants and employees and any persons in active concert or participation with them, including, but not limited to, Internet Service Providers ("ISPs"), from:

(i) using the Plaintiffs' Marks or any reproduction, counterfeit, copy or colorable imitation of the Plaintiffs' Marks in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Plaintiffs; and

(ii) passing off, inducing or enabling others to sell or pass off any Counterfeit Products as genuine products made and/or sold by Plaintiffs; and

(iii) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner bridal gowns, social occasion dresses, accessories or other items falsely bearing the Plaintiffs' Marks, or any reproduction, counterfeit, copy or colorable imitation of same; and

(iv) utilizing the Infringing Domain Names and registering any additional domain names that use or incorporate any of the Plaintiffs' Marks; and

7

    (v)  operating Defendants' Infringing Web Sites.

 (b)  Restricting the transfer of Defendants' assets pursuant to the provisions of this Order hereinafter set forth.

 (c)  Ordering the domain name registries, including, but not limited to, VeriSign, Inc., Neustar, Inc., and Public Interest Registry and/or the individual registrars holding or listing one or more domain names used in conjunction with Defendants' Infringing Web Sites, to disable these domain names, through a registry hold or otherwise, and make them untransferable until further order from this Court.

IT APPEARING to the Court that Defendants are distributing, offering for sale and/or selling Counterfeit Products, including via Defendants' Infringing Web Sites, and will continue to carry out such acts unless restrained by Order of the Court, it is hereby:

ORDERED, that pending the hearing on Plaintiffs' application for a Preliminary Injunction, Defendants, including their agents, servants, employees, confederates and any persons acting in concert or participation with them or third parties providing services used in connection with Defendants' operations including, without limitation, ISPs, registrars, or online third-party selling platforms, having knowledge of this Order by service, actual notice or otherwise be, and are, hereby temporarily restrained from:

 (a)  Committing any of the acts set forth in subparagraphs (a)(i)-(v) above;

 (b)  Moving, destroying, or otherwise disposing of any items, merchandise or documents relating to the Counterfeit Products, Defendants' Infringing Web Sites, and/or Defendants' assets and operations; and

 (c)  Removing, destroying or otherwise disposing of any computer files, electronic files,

business records, or documents relating to Defendants' Infringing Web Sites, Defendants' assets and operations or relating in any way to the manufacture, acquisition, purchase, distribution or sale of Counterfeit Products or any reproduction, counterfeit, copy or colorable imitation of the Plaintiffs' Marks; and it is further

ORDERED, that Plaintiffs may immediately commence discovery by providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following: (1) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Inc., or other merchant account providers, payment provider, third party processors, credit card associations (*i.e.* MasterCard and VISA), which receive payments or hold assets on Defendants' behalf; and (3) any third party service providers, including without limitation, ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars, domain name registries or online third-party sellers who have provided services for Defendants; and it is further

ORDERED, that any third party providing services in connection with any Defendant and/or Defendants' Infringing Web Sites, including without limitation, ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers including PayPal, Inc., third party processors and other payment processing services, shippers, domain name registrars, domain name registries and online third-party selling platforms (collectively "Third Party Providers") shall within five (5) days after receipt of such notice, provide copies of all documents and records in such person or entity's possession or control relating to:

9

(a) The identities and addresses of Defendants, their agents, servants, employees, confederates, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' Infringing Web Sites, Infringing Domain Names and financial accounts;

(b) Defendants' Infringing Web Sites;

(c) The Infringing Domain Names or any domain name registered by Defendants; and

(d) Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Inc., Western Union, or other merchant account providers, payment providers, third party processors, and credit card associations (*i.e.*, MasterCard and VISA); and it is further

ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such other dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction; and it is further

ORDERED, that Plaintiffs shall continue to maintain the corporate surety bond already posted in this action in the amount of ten thousand dollars ($10,000.00) as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure or restraint hereunder; and it is further

ORDERED, that sufficient cause having been shown, service of this Order together with the

10

Summons and Complaint, may be made on Defendants by registered electronic mail, and that such service shall be made on or before _April 4_, 2013 at _6:00_ p.m. followed by service on the Third Party Providers, which is to occur on or before _April 10_, 2013; and it is further

ORDERED, that Plaintiffs may complete service of process on Defendants by electronic mail at the email addresses listed in **Exhibit 1**, which Plaintiffs have demonstrated will provide adequate notice to Defendants pursuant to Fed.R.Civ.P. 4; and it is further

ORDERED, that Plaintiffs' counsel file with the Court within ten (10) days after this Order is executed, an affidavit or declaration setting forth: (a) the date on which the Order was executed, (b) the date and means with which the Defendants were served with a copy of the Order, and (c) a description of the domain names, web sites and other assets that were disabled and/or restrained; and it is further

ORDERED, that in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations, payment processors or other financial institutions, including without limitation PayPal, Inc., or other merchant account providers, payment providers, or third party processors for any Defendant, any of Defendants' operations, Defendants' Infringing Web Sites or for any other web site owned or controlled by Defendants, who receive actual notice of this Order, shall immediately locate all accounts connected to Defendants or Defendants' Infringing Web Sites and that such accounts be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets, not allowing such funds to be transferred or withdrawn, and not allowing any refunds, charge-backs, or other diminutions to

be made from such accounts pending further Order from this Court; and it is further

ORDERED, that upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets; and it is further

ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiffs by delivering copies thereof to the offices of Stark & Stark, P.C., 993 Lenox Drive, Lawrenceville, New Jersey 08648 Attention: Craig S. Hilliard, Esquire before _10:00 AM_ on _April 24_, 2013. Any reply shall be filed and served by Plaintiffs by _5. w_ on _April 30_, 2013.

Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in confirmation of the seizure authorized herein, destruction or other disposition of the goods seized, if any, immediate issuance of the prayed-for Preliminary Injunction to take effect immediately upon expiration or dissolution of the Temporary Restraining Order, and shall otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise this Temporary Restraining Order. Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

SIGNED this _1st_ day of _April 2013_.

_____
HON. FREDA L. WOLFSON, U.S.D.J.